IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, Third Floor <br> Baltimore, MD 21201, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND, <br> 5363 Snow Hill Rd. <br> Snow Hill, MD 21963 <br><br> Defendant. | Civil Action No. <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant County Commissioners of Worcester County, Maryland ("Defendant Worcester County") d/b/a Department of Liquor Control of Worcester County, f/d/b/a Liquor Control Board of Worcester County, discriminated against Charging Party Donna Smith, Kylesha Conner, and Sharee Dale, by engaging in unlawful compensation discrimination by paying them lower wages than those paid to their male counterparts Jayce Lee and Carroll Wilhelm for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of, inter alia, the Equal Pay Act, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant County Commissioners of Worcester County ("Worcester County") has continuously been a County in the State of Maryland.

5. At all relevant times, Defendant Worcester County has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all relevant times, Defendant Worcester County has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

7. At all relevant times, Defendant Worcester County has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning

of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

8. On or about July 1, 2011, Defendant Worcester County acquired total operations of the Liquor Control Board of Worcester County through a bill passed by the Maryland State General Assembly. The Liquor Control Board of Worcester County was abolished effective July 1, 2011. Since that time, Defendant Worcester County has continued all operations under the name of the Worcester County Department of Liquor Control, in the same facilities, with the same equipment, engaged in the same line of work as before the County takeover. Defendant Worcester County uses the same or a similar work force as before the County takeover, including at least some of the supervisory personnel. The position at issue, retail store clerk, still exists under substantially the same working conditions.

9. Defendant Worcester County had notice of the claims underlying this action at the time it acquired the business operations of the Liquor Control Board of Worcester County.

10. Defendant Worcester County is therefore subject to the jurisdiction of this Court as a successor employer under the EPA to remedy unlawful employment practices.

## STATEMENT OF EQUAL PAY ACT CLAIMS

11. From April 2010 until July 1, 2011, Defendant Worcester County violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying its female employees Donna Smith, Kylesha Conner, and Sharee Dale lower wages than those paid

to their male colleagues Jayce Lee and Carroll Wilhelm for performing equal work as retail store clerks.

12.    As a result of the acts complained of above, Defendant Worcester County unlawfully has withheld the payment of wages due to Donna Smith, Kylesha Conner, and Sharee Dale, and other unidentified similarly-situated female class members who received lower compensation than Jayce Lee and Carroll Wilhelm.

13.    The unlawful practices complained of in paragraph 11 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Worcester County, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B.    Order Defendant Worcester County to institute and carry out policies, practices and programs that provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Worcester County to make whole Donna Smith, Kylesha Conner, and Sharee Dale by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and an equal sum as liquidated damages, as a result of the acts complained of above.

D.    Grant such further relief as this Court deems necessary and proper in the public interest.

E.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov

Lindsey Anne White (Bar No. 29183)
Trial Attorney
phone: 410-209-2233 | fax: 410-962-4270
lindsey.white@eeoc.gov

U.S. EEOC
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201