UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

April 22, 2013

MEMORANDUM TO COUNSEL RE:   U.S. Equal Employment Opportunity Commission v.
Country Commissioners of Worcester County, Maryland
Civil Action No. GLR-12-2595

Dear Counsel:

Pending before this Court is Defendant County Commissioners of Worcester County, Maryland's (the "County") Motion to Dismiss or, Alternatively, for Summary Judgment. (ECF No. 8). The Motion is ripe for disposition. No hearing is necessary pursuant to Local Rule 105.6 (D.Md. 2011). For the following reasons, the County's Motion will be denied.

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brings suit for unlawful compensation discrimination under the Equal Pay Act ("EPA"), specifically Sections 6(d)(1) and 15(a)(2) of the Fair Labor Standards Act ("FLSA").[1] (See ECF No. 1). The EEOC claims that between April 2010 and July 1, 2011, certain female employees of the County received lower wages than two of their male counterparts despite performing equal work. (Id.) The EEOC seeks permanent injunctive relief and back pay for the affected female employees. (Id., Prayer for Relief ¶ C).

The Liquor Control Board of Worcester County ("LCB") formerly operated retail stores in which it employed managers and store clerks. (Def.'s Mem. Supp. Mot. to Dismiss or Alt. for Summ. J. at 4, ECF No. 8-1). On July 1, 2011, the County acquired total control over LCB operations pursuant to Maryland legislation, thereby abolishing the LCB. (Compl. ¶ 8). Following the takeover, the County used the same equipment and facilities as the LCB and a similar work force. (Id.)

On April 14, 2011, the EEOC issued a Notice of Charge of Discrimination ("Notice") to inform the LCB of charged violations of the EPA. (Pl.'s Ex. 1, Attach. A, ECF No. 11-1). On July 14, 2011, the EEOC forwarded the Notice to the County. (Id., Attach. B). On October 14, 2011, the County responded to the Notice with a Position Statement, stating therein that "[t]he powers formerly exercised by the LCB were given to [the County], which now responds to the Charge of Discrimination." (Id., Attach. D).

On May 11, 2012, and following investigation, the EEOC submitted a letter to the County indicating that it found violations of the EPA. (Id.) On August 29, 2012, after unsuccessful efforts to conciliate the violations, the EEOC filed suit in this Court. The County now moves for dismissal under Federal Rule of Civil Procedure (12)(b)(6) or, alternatively, for summary judgment under Rule 56.

---

[1] Codified as 29 U.S.C. §§ 206(d)(1), 215(a)(1) (2012). The EPA amended the FLSA in an effort to abolish wage disparities based on sex.

Motion to Dismiss

The County's Motion to Dismiss is denied because successor liability may apply to claims arising under the EPA. To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

The EPA provides that "[n]o employer . . . shall discriminate . . . between employees on the basis of sex[.]" 29 U.S.C. § 206(d)(1). "Employer," as defined by the FLSA, "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency[.]" Id. § 203(d). There is no express language within § 203(d) indicating that successors in interest are encompassed within the statutory definition of "employer." See id.

Nevertheless, courts within the Fourth Circuit have applied successor liability in cases arising under various federal labor and employment statutes, including statutes, such as Title VII, that do not expressly provide for it. See, e.g., HRW Sys., Inc. v. Wash. Gas Light Co., 823 F.Supp. 318, 328 (D.Md. 1993) (finding that the "federal common law" doctrine of successor liability applies to claims arising under the Comprehensive Response, Compensation, and Liability Act ("CERCLA")); Equal Emp't Opportunity Comm'n v. Thurston Motor Lines, Inc., 124 F.R.D. 110, 114 (M.D.N.C. 1989) (allowing discovery on Title VII claims of alleged successor employer).

Other U.S. Courts of Appeal have applied successor liability to claims arising under the FLSA. See, e.g., Steinbach v. Hubbard, 51 F.3d 843, 848 (9th Cir. 1995) ("[w]e hold that successorship liability exists under the [FLSA]."); Teed v. Thomas & Betts Power Solutions, L.L.C., --- F.3d ---, Nos. 12-2440, 12-3029, 2013 WL 1197861, at *3 (7th Cir. Mar. 26, 2013) ("[s]uccessor liability is appropriate in suits to enforce federal labor or employment laws . . . unless there are good reasons to withhold such liability.").

The EEOC, by alleging that female store clerks received lower wages than their male counterparts to perform the same job, has pleaded sufficient facts to state a plausible claim under the EPA. The crux of the issue raised in the County's Motion, however, is whether successor liability may apply under the EPA, and, if so, whether such liability should apply to the County. This Court is not aware of—and the County does not cite—any cases from the U.S. Supreme Court or the Fourth Circuit that preclude claims of successor liability under the EPA or the FLSA. In the absence of such authority, and in light of the case law from other jurisdictions, the County's Motion to Dismiss is DENIED.[2]

---

[2] Moreover, because this case presents an "important and difficult question of first impression within this circuit," this Court is not inclined to dispose of the matter on the Motion to Dismiss. See Woodson v. U.S. Airways, Inc., 67 F.Supp.2d 554, 557 (M.D.N.C. 1999) (denying in part a motion to dismiss "because this issue presents an important and difficult question of first impression within this circuit").

Motion for Summary Judgment

  The County's alternative Motion for Summary Judgment is denied because there are material facts in dispute regarding (1) whether successor liability should apply to the County; and (2) whether the LCB's conduct violated the EPA. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This does not mean that *any* factual dispute will defeat the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644–45 (4th Cir. 2002).

  Courts have used a multi-factor analysis to determine whether to apply successor liability in a given instance. "Critical" factors include: (1) whether the successor had notice of the charge; and (2) whether the predecessor can provide full relief. Rojas v. TK Comm'ns, Inc., 87 F.3d 745, 750 (5th Cir. 1996) (citing Musikiwamba v. ESSI, Inc., 760 F.2d 740, 750 (7th Cir. 1985); Equal Emp't Opportunity Comm'n v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1094 (6th Cir. 1974)).[3]

  Although the County denies actual notice of the charges prior to taking over the LCB, the April 14 Notice sent to the LCB may have given the County constructive notice. See Lipscomb v. Techs., Servs., & Info., Inc., No. 09-3344-DKC, 2011 WL 691605, at *8 (D.Md. Feb. 18, 2011) (finding that successor had constructive notice because "[w]ith some due diligence, [successor] would have been able to ascertain that Plaintiff had filed an EEOC charge and [predecessor] was being investigated by the EEOC."). As to the LCB's ability to provide relief, the County asserts that the LCB maintained an insurance policy, but fails to provide documentation to prove that the policy provides sufficient coverage, or even continues to exist, after the abolition of the LCB. Because the record contains inconclusive evidence regarding these "critical" factors, the County has not shown beyond a genuine dispute that it should be immune to successor liability.

  Additional discovery is also warranted to determine whether the LCB's conduct violated the EPA. The EPA provides that an employer may not pay unequal wages to members of different sexes who perform substantially the same work, unless the inequality is due to "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex[.]" 29 U.S.C. § 206(d)(1) (2012). The EEOC alleges a disparity in pay between male and female store clerks, so discovery is appropriate to determine whether there were lawful reasons for such disparity. Moreover, if there is a violation, discovery is appropriate to determine

---

[3] Additional factors are: (3) continuity of business operations; (4) successor's use of the same facility; (5) successor's use of a similar work force; (6) successor's use of similar managers; (7) whether the same jobs exist under similar working conditions, (8) whether successor uses the same machinery and methods; and (9) whether successor produces the same product. MacMillan, 503 F.2d at 1094. The County does not dispute that factors (3) through (9) favor the EEOC.

whether it was willful.  For those reasons, the County's Motion for Summary Judgment is DENIED in all respects.

      Accordingly, the County's Motion to Dismiss or, Alternatively, for Summary Judgment (ECF. No. 8) is hereby DENIED.  A preliminary Scheduling Order will be issued.

      Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

      Very truly yours,

      _____/s/_____
      George L. Russell, III
      United States District Judge

4