IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. 1:12-CV-02595-GLR ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against County Commissioners of Worcester County, Maryland (hereinafter "the County"), the successor in interest to the Worcester County Liquor Control Board (hereinafter "the LCB"). The suit alleges that the County and the LCB violated Sections 6(d)(1) and 15(a)(2) of the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying its female employees Donna Smith, Kylesha Conner, and Sharee Dale lower wages than their male colleagues Jayce Lee and Carroll Wilhelm. When the State of Maryland abolished the LCB, it transferred all of the LCB's assets and liabilities, including liabilities for violations of the EPA to the County. The County hired the full-time store clerks and paid them in accordance with the County's grade and step system. The County denies all allegations in the Complaint.

The Commission and the County desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the EPA.

1

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the EPA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Equal Pay Act action which emanated from the Charge of Discrimination filed by Donna Smith.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and the County, shall not constitute an adjudication or finding on the merits of the case.

### Relief to Donna Smith, Kylesha Conner, and Sharee Dale

4. Within ten business days of entry of this decree, the County shall pay relief in the total amount of $60,000.00, $36,000.00 of which represents back pay and $24,000.00 of which represents liquidated damages. The checks will be sent directly to each individual, and a photocopy of the check and related correspondence will be mailed to the EEOC's counsel of record. The County will issue each individual a United States Internal Revenue Service W-2 Form for the 2013 tax year for the back pay paid. The Local Government Insurance Trust will issue a United States Internal Revenue Service 1099 Form for the 2013 tax year for the liquidated damages paid. The County shall administer proper withholdings from the back pay

portion of the payment for taxes and required employee contributions under FICA. The County's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay with interest.

    a.    Donna Smith shall receive a total amount of $35,00000, $17,500.00 of which represents back pay and $17,500.00 of which represents liquidated damages.

    b.    Kylesha Conner shall receive a total amount of $12,500.00, $10,000.00 of which represents back pay and $2,500.00 of which represents liquidated damages.

    c.    Sharee Dale shall receive a total amount of $12,500.00, $8,500.00 which represents back pay and $4,000.00 of which represents liquidated damages.

### Injunctive Relief

5.    The County, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby are enjoined from discriminating on the basis of sex with respect to wages. Such sex-based discrimination violates Equal Pay Act, which, in part, is set forth below:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wage to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skills, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

6.    Within 90 days from the date of entry of the Decree, the County's Director of Human Resources, Chief Administrative Officer, and County Attorney shall be required to attend a live training program lasting at least two hours, which shall cover the prevention of

employment discrimination and compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against sex discrimination with respect to wages.

    a.    The initial training shall be designed and administered by a trainer approved by the EEOC. The County shall submit the trainer's credentials to the EEOC within sixty (60) days of the entry of the Decree. The County shall submit the content of the training program for EEOC approval within ninety (90) days of the entry of the Decree. The EEOC shall provide approval, disapproval, and/or commentary within ten (10) days of receipt.

    b.    For the duration of the Decree, the County shall provide this same training to all individuals hired as the Director of Human Resources, Chief Administrative Officer, and County Attorney within sixty days of hire. This training may be pre-recorded.

    c.    Within ten (10) days of any training required by Paragraph 6, the County shall submit certification that training occurred with a list of personnel in attendance.

7.    Upon approval of this Decree, the County will post immediately in all places where notices are customarily posted for the employees the Notice attached as Exhibit A. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by a responsible official of the County with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, the County will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, the County shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

8.    Subject to the recall of any liquor store clerks affected by the closure of the Berlin store, the County agrees to offer Sharee Dale a position as a full-time store clerk the next time

4

such a position becomes open. Said position will only be offered to Ms. Dale after any store clerks affected by the closing of the Berlin store have been offered a position as a full-time store clerk.

## Monitoring Provisions

9. On a semi-annual basis, the County will prepare and submit to the Commission a list of all individuals who have complained (internally or externally) of or reported any discrimination in employment on the basis of wage discrimination during that period. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of the County's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any wage discrimination, the County will so inform the Commission's Baltimore Field Office.

10. In addition to the monitoring provisions set forth elsewhere in this Decree, an attorney of record or other member of EEOC's Legal Department may monitor compliance during the duration of this Decree by inspection of the County's premises, records, and interviews with employees at reasonable times. Upon eight (8) days' notice by the EEOC, the County will make available for inspection and copying any records requested by EEOC, and upon ten (10) days' notice, the County will make available facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

11. All materials required by this Decree shall be sent electronically to Lindsey White, Lindsey.white@eeoc.gov.

12. The Commission and the County shall bear their own costs and attorneys' fees.

13. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

Respectfully submitted,

| FOR PLAINTIFF: | FOR WORCESTER COUNTY, MARYLAND: |
|---|---|
| /s/ | /s/ |
| P. David Lopez<br>General Counsel | James C. Church<br>President, Board of County Commissioners |
| /s/ | /s/ |
| James L. Lee<br>Deputy General Counsel | Matthew Peter, Counsel for the Worcester County Board of County Commissioners |
| /s/ | Matthew Peter<br>7225 Parkway Drive<br>Hanover, MD 21076<br>Phone: (443) 561-1700<br>Fax: (443) 561-1701 |
| Debra M. Lawrence<br>Regional Attorney | |

/s/

Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/s/

Lindsey A. White (Bar No. 29183)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
Phone: (410) 209-2233
Fax: (410) 962-4270

**SO ORDERED.**

Signed and entered this 28th day of August, 2013.

/s/ George L. Russell, III

George L. Russell, III
United States District Judge